IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

INTERNATIONAL ASSOCIATION OF
COLOR MANUFACTURERS,

          Plaintiff,

v.                                      CIVIL ACTION NO. 2:25-cv-00588

ARVIN SINGH, *in his official capacity as
Cabinet Secretary of the West Virginia
Department of Health*, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Complaint for Declaratory and Injunctive Relief* (Document 1), the *Plaintiff's Motion for Preliminary Injunctive Relief* (Document 2), and the *Plaintiff's Memorandum in Support of Its Motion for Preliminary Injunctive Relief* (Document 3).

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a temporary restraining order may be issued without notice

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Temporary restraining orders "are [orders] of limited duration" that serve the purpose of "preserv[ing] the status quo only until a preliminary injunction hearing can be held." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). The

standard for a temporary restraining order is the same standard for granting a preliminary injunction. *See Williams v. Rigg*, 458 F.Supp.3d 468, 474 (S.D. W. Va. 2020). A plaintiff seeking a temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Plaintiff is a trade association representing manufacturers, producers, and users in the color industry. The Plaintiff named the following Defendants: Dr. Arvin Singh, Cabinet Secretary of the West Virginia Department of Health; Justin Davis, Interim Commissioner of West Virginia Bureau for Health; members of the West Virginia State Board of Education, consisting of L. Paul Hardesty, Victor L. Gabriel, F. Scott Rotruck, Nancy J. White, Robert W. Dunlevy, Christopher A. Stansbury, Gregory F. Wooten, Cathy L. C. Justice, and Dr. Sarah Armstrong Tucker; and Michele L. Blatt, State Superintendent of Schools of West Virginia. The Plaintiff has filed this action challenging the constitutionality of West Virginia House Bill 2354, codified as Sections 16-7-2, 16-7-4, and 18-5D-3A of the West Virginia Code, which bans certain synthetic color additives. The statute becomes effective in two steps, with the first step involving the prohibition on the use of certain synthetic color additives in school nutrition programs, and the second prohibiting the general sale of such color additives throughout the state. At the time the Plaintiff filed this action, the portion of the statute relating to school nutrition programs had gone into effect on August 1, 2025, and the remainder of the statute does not go into effect until January 1, 2028. The Plaintiff now seeks both a temporary restraining order and a preliminary injunction. Given that part of the statute has previously gone into effect, and it will be more than two years before the statute goes fully into effect, the Court finds that the Plaintiff has not established that it, or its

members, are likely to suffer irreparable harm in the time before the Court has the opportunity to hear from the Defendants and rule on the preliminary injunction. Accordingly, the Plaintiff's motion for a temporary restraining order should be denied to the extent the Plaintiff seeks relief prior to service and a response from the Defendants.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion for Preliminary Injunctive Relief* (Document 2) be **DENIED** as to the request for a temporary restraining order. The Court further **ORDERS** that the Defendants file a response to the motion for preliminary injunction no later than **October 17, 2025**.

The Court is mindful of the fact that this action was recently filed and that there is nothing in the record to indicate that the Defendants have been served. Therefore, the Court **ORDERS** the Plaintiff to *promptly* serve the Defendants with copies of the motion, memorandum, supporting exhibits, and this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 8, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA